UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No. _____

3-J HOSPITALITY, LLC, a Florida limited liability company d/b/a AMERICA'S BACKYARD,

    Plaintiff,

vs.

2K CLEVELANDER, LLC, a Florida limited liability company d/b/a THE CLEVELANDER SOUTH BEACH,

    Defendant.
_____/

## COMPLAINT

Plaintiff, 3-J Hospitality, LLC, a Florida limited liability company d/b/a America's Backyard ("3-J Hospitality" or "Plaintiff"), hereby sues Defendant, 2K Clevelander, LLC, a Florida limited liability company d/b/a The Clevelander South Beach ("Defendant" or "Clevelander"), and states:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $75,000.00, exclusive of interest and attorneys' fees, for violations of the Lanham Act (Title 15 USC), trade name infringement, trade dress infringement, common law unfair competition, and deceptive and unfair competition in violation of Chapter 501, Florida Statutes.

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, as Plaintiff has brought a claim arising under the laws of the United States, and

further has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because: (a) this is the District in which Defendant resides; and (b) this is the District in which all or a substantial part of the events giving rise to the claims occurred.

## THE PARTIES

4. 3-J Hospitality is an active for profit Florida corporation in good standing with its principle place of business at 100 S.W. 3rd Avenue, Suite 332, Fort Lauderdale, Florida. 3-J Hospitality does business under the trade name America's Backyard. America's Backyard is a 16,000 sq. foot unique open-air bar and night club in the heart of Fort Lauderdale that is intentionally and meticulously designed to create the ambiance of a prototypical American backyard party.

5. Defendant, Clevelander, is a Florida corporation with its principle place of business at 1020 Ocean Drive, Miami Beach, Florida. Clevelander operates a hotel in the South Beach area of Miami Beach that is centered on its large outdoor bar area.

## GENERAL ALLEGATIONS

6. On February 8, 2008, Plaintiff opened America's Backyard in Fort Lauderdale, Florida. At great expense and through significant efforts, Plaintiff has branded America's Backyard with a unique and distinctive décor and appearance. Plaintiff is now widely recognized in the industry and by the public, particularly throughout the South Florida market (Palm Beach, Broward, and Miami-Dade Counties), by the distinctive and unique trade name America's Backyard.

7. America's Backyard is known and recognized by the public and patrons throughout South Florida for providing a comfortable, backyard party atmosphere.  America's Backyard uses the below logo to embody the distinctive atmosphere it provides to its patrons:



8. The America's Backyard trade name and trade dress, as exemplified by the above logo, are so highly distinctive that the public, including patrons and prospective patrons throughout South Florida, readily accept and recognize the America's Backyard trade name and trade dress as being from a particular source.  To that end, the America's Backyard trade name and trade dress have achieved secondary meaning, particularly within the South Florida market.

9. America's Backyard has engaged in significant and expensive advertising since prior to its opening, and continues to do so to date, utilizing its unique and distinctive trade name and trade dress, including its logo, consistently throughout the South Florida market.

10. America's Backyard uses carefully designed advertising and promotional materials that are consistent with the value driven backyard concept.  These marketing pieces contain the America's Backyard trade name, trade dress, and logo.

11. On July 4, 2013, Clevelander held a party in celebration of the July 4th holiday, which it titled "America's Backyard."  Clevelander charged guests $25 per person for a general admission ticket to the event, and also sold premium tickets that offered an open bar for $50 per

3

person. Upon information and belief, thousands of patrons purchased tickets and/or attended Clevelander's "America's Backyard" event, resulting in substantial profits to Defendant.

12. Prior to the event, Clevelander promoted its "America's Backyard" party on various internet and print media outlets throughout the South Florida market. In additional, Clevelander promoted the "America's Backyard" party in blast emails to patrons and prospective patrons of its establishment, including numerous individuals throughout the South Florida market.

13. In its pursuant to generated as much business as possible for the event, Clevelander used the below promotional material:



4

14. In promoting and holding its "America's Backyard" event, Clevelander knowingly and intentionally copied and infringed upon 3-J Hospitality's valuable intellectual property rights.

15. As demonstrated by the above promotional material utilized by Clevelander, not only has Clevelander improperly used the America's Backyard trade name, but it has even gone so far as to copy the America's Backyard trade dress through the use of a white picket fence and greenery, which are both included in the America's Backyard logo, as reproduced in paragraph 8, above.

16. In fact, Plaintiff became aware of Clevelander's intentional and improper use of the America's Backyard trade name and dress after Clevelander audaciously sent the above promotional material via email to one of Plaintiff's executives.

17. Upon information and belief, discovery will reveal Clevelander's improper use of the America's Backyard trade name and trade dress in a variety of other advertising and marketing materials.

18. By copying the unique and distinctive trade name and trade dress of America's Backyard, Clevelander is creating significant confusion and the false impression to the public that America's Backyard sponsors, approves of, or is affiliated with Clevelander, and that Clevelander is likewise sponsored by, approved of by, or affiliated with America's Backyard.

19. The confusion caused by Clevelander's copying of the America's Backyard trade name and trade dress is compounded by the fact that the two establishments utilize the same advertising and marketing methods, operate in the same South Florida market, and compete for the same patrons.

20. Clevelander's conduct violated Section 43(a) of the Lanham Act, 15 U.S.C. 1125, which provides:

> **§1125. False Designations of original, false descriptions, and dilution forbidden**
>
> **(a) Civil Action**
> **(1) Any person who, or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which –**
> **(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association or such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or**
> **(B) in commercial advertising or promotion, misrepresentation the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,**
> **shall be liable in a civil action by any person who believes that he or she is or is likely to be damages by such act.**

21. Additionally, Clevelander's conduct in violation of the Lanham Act causes great confusion and deception as to the origin of Clevelander's good and services.

22. Plaintiff has no operational control of Clevelander, whose use of the America's Backyard trade name and trade dress in connection with the goods and services it offers is causing injury to Plaintiff's market position, goodwill, reputation and ongoing relationships with its patrons and vendors because of the false association caused by Defendant's improper infringement upon Plaintiff's unique and distinctive trade dress and well known trade name.

23. Given the recognition of America's Backyard throughout the South Florida market, it is not possible that Clevelander was unaware of the America's Backyard trade name and trade dress prior to Clevelander's copying and infringement of same in connection with its "America's Backyard" party.

24. All conditions precedent to the filing of this action have occurred, waived, or otherwise satisfied.

25. Plaintiff has retained Kopelowitz Ostrow P.A. to provide legal services in the prosecution of these claims and is obligated to pay legal fees and costs incurred.

## COUNT I
## Trade Dress Infringement in Violation of the Lanham Act, 15 U.S.C. § 1125(a)

26. Plaintiff adopts and re-alleges paragraphs 1 through 25, above, as if fully set forth herein.

27. Plaintiff has developed a unique and proprietary trade dress that is primarily non-functional and has achieved a secondary meaning throughout South Florida.

28. Defendant has, in connection with their provision of goods and services, copied Plaintiff's unique and distinctive trade dress so as to cause confusion, mistake, and deception of the public and particularly patrons that Plaintiff approves of and is affiliated with Clevelander.

29. Defendant's infringement upon Plaintiff's unique and distinctive trade dress has caused and continues to cause significant financial injury to America's Backyard.

30. Defendant's infringement upon Plaintiff's unique and distinctive trade dress has caused and continues to cause significant irreparable injury to America's Backyard's reputation, goodwill, and valuable relationships with its patrons and vendors. Money damages will not make Plaintiff whole for these irreparable injuries and Plaintiff has no adequate remedy at law.

**WHEREFORE,** Plaintiff requests that the Court enter a temporary injunction thereafter to be made permanent pursuant to 15 U.S.C. §1116, prohibiting Defendant from further infringement, requiring that Defendant cease infringing upon Plaintiff's trade dress, and requiring destruction of all offensive display and advertising materials and items pursuant to 15 U.S.C. §1118. Further, pursuant to 15. U.S.C. §1117, Plaintiff demands judgment against

Defendant, an award of Defendant's profits, or Plaintiff's actual damages sustained due to Defendant's infringement upon Plaintiff's trade dress, and the cost of this action, including attorneys' fees.

**COUNT II**
**Trade Name Infringement in Violation of Lanham Act, 15 U.S.C. § 1125(a)**

31. Plaintiff adopts and re-alleges paragraphs 1 through 25, above, as if fully set forth herein.

32. Defendant's use of America's Backyard or any colorable imitation of same in the advertising, promotion, and provision of its goods and services violates Plaintiff's trade name rights protected by Section 15. U.S.C. §1125(a).

33. Defendant's use of America's Backyard in its promotional materials and advertising is beyond what is considered tolerable fair use, because Defendant is falsely claiming that it is affiliated with America's Backyard.

34. Furthermore, Defendant's unfair use of Plaintiff's trade name, America's Backyard, violates the Act and exceeds the doctrine of fair use, particularly when done in conjunction with the improper infringement upon Plaintiff's trade dress. By using Plaintiff's trade name and simultaneously copying Plaintiff's trade dress, Defendant has caused and continues to cause great confusion as to Plaintiff's affiliation with, sponsorship of, and approval of Clevelander. In fact, Plaintiff is not affiliated with, does not sponsor, and does not in any way support or condone Defendant's improper commercial activities and infringement upon Plaintiff's proprietary intellectual property rights.

35. Additionally, Defendant's improper use of Plaintiff's trade name in conjunction with its promotion and advertising activities has caused and continues to cause significant confusion with regard to the origin of Defendant's services. Defendant's conduct creates the

8

false and deceptive implication that Clevelander originates from Plaintiff and, in fact, that America's Backyard originates from Defendant, when neither is true.  Defendant's infringement upon Plaintiff's unique and distinctive trade name has caused and continues to cause significant financial injury to America's Backyard.

36. In addition to significant financial injury, Defendant's infringement upon Plaintiff's protected trade name has caused and continues to cause significant irreparable injury to Plaintiff's reputation, goodwill, and valuable relationships with its patrons.  Money damages will not make Plaintiff whole for these irreparable injuries, and Plaintiff has no adequate remedy at law.

**WHEREFORE,** Plaintiff requests that the Court enter a temporary injunction thereafter to be made permanent pursuant to 15 U.S.C. §1116, prohibiting Defendant from further infringement, requiring that Defendant cease infringing upon Plaintiff's trade name, and requiring destruction of all offensive display and advertising materials and items pursuant to 15 U.S.C. §1118.  Further, pursuant to 15. U.S.C. §1117, Plaintiff demands judgment against Defendant, an award of Defendant's profits, or Plaintiff's actual damages sustained due to Defendant's infringement upon Plaintiff's trade name, and the cost of this action, including attorneys' fees.

## COUNT III
### Common Law Unfair Competition

37. Plaintiff adopts and re-alleges paragraphs 1 through 25, above, as if fully set forth herein.

38. Pursuant to Florida law, competitors generally have the right to compete, however, the use of improper means is prohibited.

39. Defendant is engaged in illegal and unfair competition by improperly using, copying and/or imitating Plaintiff's unique and distinctive trade name and trade dress.

40. Defendant's illegal competition has caused and continues to cause significant financial injury to Plaintiff.

**WHEREFORE,** Plaintiff demands judgment against Defendant in the amount of Plaintiff's actual damages caused by Defendant's unfair competition in violation of Florida's common law, costs, and all such other relief that the Court deems just and proper.

## COUNT IV
## Unfair Competition in Violation of Section 501.204(1), Florida Statutes

41. Plaintiff adopts and re-alleges paragraphs 1 through 25, above, as if fully set forth herein.

42. Section 501.204(1), Florida Statutes declares unlawful "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or products in the conduct of any trade or commerce."

43. Defendant is engaged in trade or commerce as defined by Section 501.203(8), Florida Statutes, because it engages in advertising, soliciting, provide, offering, or distributing, whether by sale, rental or otherwise of goods or services.

44. Defendant has violated Section 501.204(1), Florida Statutes, which prohibits unfair methods of competition, by improperly using, copying and/or imitating Plaintiff's unique and distinctive trade name and trade dress.

45. Defendant's unfair and illegal competition in violation of Section 501.204(1), Florida Statutes, has caused and continues to cause significant financial injury to Plaintiff.

**WHEREFORE,** Plaintiff demands judgment against Defendant in the amount of Plaintiff's actual damages caused by Defendant's unfair competition in violation of Section

501.204(1), Florida Statutes, plus attorneys' fees and court costs pursuant to Sections 501.2105 and 501.211, Florida Statutes, together with all other relief the Court deems just and proper.

### Demand for Jury Trial

Plaintiff demands a jury trial on all appropriate claims and issues.

DATED this 16th day of September, 2013.

                            Respectfully submitted,

                            **KOPELOWITZ OSTROW P.A.**
*Attorneys for Plaintiff*
200 S.W. 1st Avenue, Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 525-4100
Facsimile: (954) 525-4300


By:  /s/Jason H. Alperstein
     BRIAN R. KOPELOWITZ
     Fla. Bar No. 97225
     kopelowitz@kolawyers.com
     JASON H. ALPERSTEIN
     Fla. Bar No. 064205
     alperstein@kolawyers.com