UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:13-cv-23328 (KMM/EGT)

3-J HOSPITALITY, LLC,
a Florida limited liability company
d/b/a AMERICA'S BACKYARD,

      Plaintiff,

vs.

2K CLEVELANDER, LLC, a Florida
limited liability company d/b/a THE
CLEVELANDER SOUTH BEACH,

      Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Pursuant to Fed. R. Civ. P. 12(b)(1), Defendant 2K CLEVELANDER, LLC d/b/a THE CLEVELANDER SOUTH BEACH ("The Clevelander"), moves that this Court dismiss Plaintiff 3-J Hospitality, LLC d/b/a America's Backyard's ("Plaintiff") Complaint, with prejudice, for lack of subject matter jurisdiction.

## BACKGROUND

The Clevelander is a prominent and iconic establishment in South Beach, Florida that features a hotel, restaurants, bars and other entertainment venues. The Clevelander is a staple in South Beach and has flourished there for over seventy years. The Clevelander brand is widely known and recognized throughout South Florida. On the other hand, Plaintiff's brand is not as recognizable and pervasive as The Clevelander's.

At issue, here, is a Fourth of July Party held by The Clevelander in 2013. Plaintiff claims

that a promotional flyer for The Clevelander's Fourth of July Party infringed on Plaintiff's trademark and trade dress. *See* Complaint generally. Despite Plaintiff's allegations, this is simply not true. Given The Clevelander's recognition and footprint in the market, there was absolutely no incentive for The Clevelander to confuse the public about the source of its event. This lawsuit is nothing but a mere attempt by *Plaintiff* to capitalize on the success and goodwill of The Clevelander; not the other way around as Plaintiff alleges.

In fact, Plaintiff only learned of The Clevelander's July Fourth Party because admittedly one of Plaintiff's executives received an email from the Clevelander. *Id.* at ¶ 12, 16. This begs the obvious question why would the Clevelander send its flyer to an executive working for the very company that the Clevelander is alleged to have "knowingly and intentionally copied and infringed upon." *Id.* at ¶ 14. Aside from one inherently biased executive and conclusory allegations asserting that the public was confused about the source of the message, Plaintiff has not and cannot allege that there was any actual confusion or that it suffered any actual damages. *Popular Bank of Florida v. Banco Popular de Puerto Rico*, 9 F. Supp. 2d 1347, 1360 (S.D. Fla. 1998) ("One of the most important factors in determining whether a defendant's use of his mark is likely to cause consumer confusion is whether there has been actual confusion, that is, reported instances of individuals who have actually become confused about the source of the services because of the similarities between the parties' trademarks.").

In any event, there is no need for this Court to indulge in the flaws in Plaintiff's causes of action because no subject matter jurisdiction exists in this case. Subject matter jurisdiction is a threshold issue. *See Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) ("We have ... urged counsel and district courts to treat subject matter jurisdiction as a threshold issue for resolution ....") (internal citation omitted); *Local Union 323, Int'l Bhd. of Elec. Workers v.*

*Elec. Utilities Const. Corp.*, 1974 WL 1091*1 (S.D. Fla. 1974) ("The threshold issue before the Court is whether subject matter jurisdiction over the defendant [ ] exists."). Once the court determines that subject matter jurisdiction does not exist, its sole remaining act is to dismiss the case for lack of jurisdiction. *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

## ARGUMENT

Plaintiff's claims against The Clevelander must be dismissed for lack of subject matter jurisdiction. In particular, Plaintiff has pled two federal counts against The Clevelander for trademark and trade dress infringement under the Lanham Act and two Florida state counts against The Clevelander for common law unfair competition and unfair competition in violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA). Plaintiff claims that jurisdiction exists over its federal claims pursuant to federal question jurisdiction (28 U.S.C. § 1331), and that jurisdiction exists over its state claims pursuant to supplemental jurisdiction (28 U.S.C. § 1367). *See* Complaint, ¶ 2. *Id.* Despite Plaintiff's contention, neither federal question jurisdiction nor supplemental jurisdiction exists here.

To be sure, Plaintiff has failed to meet the jurisdictional requirement under the Lanham Act. In order to meet the jurisdictional requirement under the Lanham Act, a plaintiff need only establish that *plaintiff* uses its trademark in interstate commerce or in way that affects interstate commerce. *Scott Fetzer Co. v. Gehring*, 288 F. Supp. 2d 696, 704 (E.D. Pa. 2003) (emphasis added). Alternatively, a plaintiff can meet the jurisdictional requirement by showing that the infringing mark was used in connection with goods in interstate commerce, or that the defendant's use, while intrastate, substantially affected interstate business. *Schroeder v. Lotito*, 577 F.Supp. 708, 714 (D.R.I. 1983). However, purely intrastate disputes do not fall under the

Case No. 1:13-cv-23328 (KMM/EGT)

Lanham Act. *Jellibeans, Inc. v. Skating Clubs of Georgia, Inc.*, 716 F.2d 833, 838 (11th Cir. 1983).

The instant Complaint is completely devoid of any allegation that Plaintiff engages in interstate commerce. *See* Complaint generally. To the contrary, Plaintiff only alleges that it engages in commerce in South Florida (i.e. Palm Beach, Broward, and Miami-Dade Counties. *See* Complaint at ¶ 6. For example, Plaintiff alleges that it "is known and recognized by the public and patrons throughout South Florida." *Id.* at ¶ 6, 7, 8, 23. Additionally, Plaintiff alleges that its mark has achieved "secondary meaning" in South Florida. *Id.* at ¶ 8, 27. Further, Plaintiff alleges that it "has engaged in significant and expensive advertising since prior to its opening, and continues to do so to date [...] consistently throughout the South Florida market." *Id.* at ¶ 9. Not once does Plaintiff allege that it has engaged in commerce outside of Florida. In fact, Plaintiff mentions "South Florida" at least ten (10) different times in the Complaint. The sheer volume of discussion about Plaintiff's involvement in South Florida is in and of itself indicative of Plaintiff's failure to meet the interstate commerce jurisdictional requirement. *Id.* at ¶¶ 6-9, 12, 19, 23, 27.

Plaintiff also fails to allege that The Clevelander used Plaintiff's mark in connection with goods in interstate commerce or that The Clevelander's purported use of Plaintiff's mark substantially affected interstate commerce. In fact, Plaintiff alleges that it and The Clevelander operate in the same South Florida market. *Id.* at ¶ 19. Additionally, Plaintiff only alleges that The Clevelander's purported use of Plaintiff's mark has had an impact on the "South Florida market." *Id.* Plaintiff never alleges that the purported infringement has caused confusion outside of Florida or affected Plaintiff's business outside of Florida. Indeed, it is telling that Plaintiff alleges that its mark has achieved secondary meaning in "South Florida", but does not allege that

it has achieved secondary meaning anywhere else. *Id.* at ¶ 8, 27. In this regard, Plaintiff has not and cannot allege that The Clevelander's purported use of Plaintiff's mark substantially affected interstate commerce. Again, it is apparent from the face of the Complaint, that this is a purely intrastate dispute that does not fall under the Lanham Act. *See* Complaint generally.

In light of the above, it is beyond cavil that Plaintiff failed to properly invoke jurisdiction under the Lanham Act. As a result, federal question jurisdiction does not exist. Since supplemental jurisdiction relies on the existence of federal claims, and there are no viable federal claims, supplemental jurisdiction does not exist either. As a result, Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction. *See University of South Alabama*, 168 F.3d at 410 (once the court determines that subject matter jurisdiction does not exist, its sole remaining act is to dismiss the case for lack of jurisdiction).

The Clevelander respectfully requests that this matter be dismissed *with prejudice*, as grounds for same exist. Namely, Plaintiff has alleged again and again that it has a presence in South Florida and that its mark has achieved secondary meaning in South Florida. *Id.* at ¶ 6-9, 19, 23, 27. Given the overwhelming emphasis that Plaintiff places on its presence in South Florida and the purported impact that The Clevelander's alleged actions had on Plaintiff's business in South Florida, it would be entirely inconsistent for Plaintiff to later take the position that it engages in interstate commerce and/or that the alleged use of its mark affected interstate commerce.

Case No. 1:13-cv-23328 (KMM/EGT)

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY on this 15th day of October, 2013, a true and correct copy of the foregoing has been furnished via CM/ECF to Counsel for Plaintiff, **Brian R. Kopelowitz, Esq.** (kopelowitz@kolawyers.com) and **Jason H. Alperstein, Esq.** (alperstein@kolawyers.com), Kopelowitz Ostrow, P.A., 200 SW 1st Avenue, Suite 1200, Fort Lauderdale, FL 33301.

        COLE, SCOTT & KISSANE, P.A.
        Attorneys for Defendant
        1645 Palm Beach Lakes Boulevard, Second Floor
        West Palm Beach, Florida 33401
        Telephone: (561) 383-9234
        Facsimile: (561) 683-8977
        Primary email: Barry.Postman@csklegal.com
        Secondary: Jonathan.Vine@csklegal.com
        Secondary: Brett.Goldblatt@csklegal.com

        By: _/s/ Brett Goldblatt_
            Barry A. Postman, Esq.
            Florida Bar Number 991856
            S. Jonathan Vine, Esq.
            Florida Bar Number 010966
            Brett L. Goldblatt, Esq.
            Florida Bar Number 085920

I:\1011-0010-00\pleading\motion\motion to dismiss.docx